JFLF

**FILED**

AUG 28 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

In re                                      Case No. 12-17945

LeRoy Edward Green                         DCN: BCS-7
and Kristie Johnson Green

        Debtors.
_____/

MEMORANDUM DECISION

1

Shein Law Group represented the Greens in a Chapter 13.  Except for a modestly difficult contested matter, the case is routine.  Two attorneys worked on the case.  Some duplication of effort and overstaffing occurred.  In other instances, the fees requested are disproportionate to the tasks performed.  Chapter 13 attorneys are entitled to reasonable compensation.  Shein Law Group seeks fees of $21,494.  Are the fees reasonable?

## FACTS

LeRoy Edward Green is a semi-retired real estate broker; his wife, Kristie Johnson Green is an escrow officer.  The Greens own a home, two timeshares, a 401(k) account, two vehicles, and other ordinary types of personal property.  Their income is above the applicable median income for the State of California.  Secured debts include a loan secured by a deed of trust against their home and a car debt.  No priority debts were scheduled.  Unsecured debts aggregate almost $102,000, including a $9,000 loan from Mr. Green's employer, Guarantee Real Estate Services.

The Greens filed an emergency Chapter 13 bankruptcy petition.  Shein Law Group, PC ("Shein") represents them.  This case was the Greens' second case within one year.  Because the stay would have terminated under 11 U.S.C. § 362(c)(3), the Greens moved to extend the stay, which the court granted.

The Greens filed a plan on the same day that they filed the petition. The Greens later amended their plan, which the court confirmed.

The case involved a dispute over a stay violation that required modest efforts to resolve.  About six months after the order for relief, Guarantee Real Estate withheld $1,000 from Mr. Green's

2

paycheck to recover on their claim against the Greens, and it threatened to continue to withhold amounts until the entire sum was paid.  The Greens brought a motion for sanctions to address the stay violation.  The dispute settled two months later, and Guarantee Real Estate returned the $1,000 it had obtained and agreed not to withhold further amounts.  But in the interim period before the dispute settled, Shein performed services relating to the dispute that resulted in $10,477 in fees.

Shein has filed a First Interim Application for Compensation.  In the application, Shein requests that the court approve fees of $21,494 and costs of $1,099.76.

## JURISDICTION

This court has jurisdiction.  *See* 28 U.S.C. § 1334; 11 U.S.C. § 330(a); General Order No. 182 of the U.S. District Court for the Eastern District of California.  This is a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(A).

## DISCUSSION

### I.    Standards for Reasonable Compensation under § 330

A debtor's attorney in a Chapter 13 case may be allowed "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1),(3)(A)-(F), (4)(B).  The applicant bears the burden of proof.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Roderick Timber Co.*, 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995).

Unless the attorney agrees to accept a flat rate fee, the customary method for ascertaining a reasonable fee for a debtor's attorney in a Chapter 13 case is the lodestar, which requires multiplying "the number of hours reasonably expended" by "a reasonable

hourly rate for the person providing the services." *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 598 (9th Cir. 2006) (quoting *Hensley*, 461 U.S. at 433) (internal quotation marks omitted).  The number of hours billed must be well documented and may not include: (1) non-compensable time, such as time spent on administrative tasks or secretarial work billed at paralegal rates, *see Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989); (2) time resulting from "duplicative, unproductive, excessive, or otherwise unnecessary" work, *In re Sullivan*, 454 B.R. 1, 4 (D. Mass. 2011); *accord* 11 U.S.C. § 330(a)(4)(A); and (3) entries demonstrating that the applicant has failed to exercise prudent billing judgment, *Hensley*, 461 U.S. at 434, 437; *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 958-59 (9th Cir. 1991).

While the lodestar is the primary method for determining fees, it is neither the exclusive, nor mandatory, method for doing so.  *See Puget Sound Plywood*, 924 F.2d at 960-61.  Departure from the lodestar is appropriate where: (1) the fee application or supporting billing records are inadequate or insufficiently detailed, *id.* at 960-61; (2) the fee sought is disproportionate to the potential benefit to the estate, *see Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860-61 (9th Cir. 2004); (3) the application of the lodestar would not yield a numerically precise fee award, *see Puget Sound Plywood*, 924 F.2d at 960; or (4) the professional has not exercised prudent billing judgment, *see Hensley*, 461 U.S. at 434, 437; *In re Parreira*, 464 B.R. 410, 417 (Bankr. E.D. Cal. 2012).

## II.   Reasons for Departure from the Lodestar Method

Shein's records reveal three primary problems.  First, there has been unnecessary duplication of effort.  *See* 11 U.S.C. §

4

330(a)(4)(A)(i); *Hensley*, 461 U.S. at 434 (overstaffing).  Shein had two attorneys working on this Chapter 13 case, Benjamin C. Shein ("Benjamin Shein") and Katy L. McCully.  In some instances, both attorneys duplicated services by attending or preparing for the same hearing.  For example, on April 11, 2013, the court held a scheduling conference on the Greens' motion for sanctions.  Only Benjamin Shein appeared, but he and McCully each billed $450 for the appearance.  A similar instance of double billing occurred in preparation for the hearing on the motion for sanctions, in which Benjamin Shein and McCully each billed $337.50.

A more subtle version of the problem appears in the entries for September 12, 2012.  Shein billed $337.50 for "Office conference with Ms. McCully and [the Greens] to (1) review credit report; (2) review client questionnaire and client documents; and (3) answer questions related to payment of debts and the bankruptcy process."  The same day, McCully billed $112.50 for "Review and organization of client documents and client questionnaire in order to draft petition and schedules."  The use of two attorneys in a Chapter 13 case is not per se impermissible.  But total fees should not increase appreciably by the use of more than one lawyer, unless the size or complexity of the case is such that one lawyer could not reasonably be expected to handle it.  This is not such a case.  And the court finds that the use of two lawyers has, in fact, resulted in unnecessary duplication of efforts and unnecessary fees.

Second, the applicant has not exercised prudent billing judgment. Several examples illustrate this point.  The applicant billed $1,227.50 for successfully prosecuting a routine motion to extend the automatic stay.  The motion and supporting documents ran approximately

34 pages in length.  But the motion was unopposed, and Shein should have anticipated the lack of opposition.  Since the Chapter 13 plan was filed prior to the motion to extend the stay and proposed a 100% dividend to unsecured creditors, opposition was unlikely.  Ordinarily, motions to extend the stay are routine and uncomplicated.

Another example is helpful.  Shein sought sanctions against Guarantee Real Estate for violating the stay when it engaged in postpetition collection activity.  The dispute concerned $1,000 actually withheld from Mr. Green's paycheck plus a threat of continued wage deductions.  This threat of continued wage deduction is less serious than Shein perceived, given that the court would not dismiss a Chapter 13 for plan defaults arising from stay violations.  But before the matter was resolved by settlement, Shein incurred fees of $10,477 for services relating to the dispute.  Fees associated with the sanctions motion were excessive given the size of the dispute and potential consequences to the client.

In part, these fees were higher than necessary because Shein refused a professional courtesy and prepared for the initial hearing to a greater extent than was warranted.  The sanctions motion was noticed for hearing on April 11, 2013.  On April 3, 2013, counsel for Guarantee Real Estate emailed Benjamin Shein and McCully requesting a continuance because of a calendaring error he had made.  Shein refused the professional courtesy.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) ("Where . . . there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries.").  And then, Shein spent $2,812.50 preparing for and attending the hearing, which resulted in an unnecessary expense to the

estate.   11 U.S.C. § 330(a)(4).   The parties resolved the matter

before the next hearing.   But because Shein took an inflexible

position regarding allowing the continuance, it prepared for an

unnecessary hearing.   Under the circumstances, it was certain that the

court would not resolve the matter on the initial hearing date.   *See*

*United States v. Ayres*, 166 F.3d 991, 9996 (9th Cir. 1999)

(discouraging contempt sanctions "on the papers" where issues are

controverted); *see also* Fed. R. Bankr. P. 9014(d) (requiring testimony

for "disputed material factual issues"); Fed. R. Civ. Proc. 60(b)

(permitting relief from an order based on mistake, inadvertence, or

excusable neglect), *incorporated by* Fed. R. Bankr. P. 9024.   And even

if the matter had proceeded as scheduled, fees of $2,812.50 for

preparing for and attending such a law and motion hearing is more than

what is reasonably necessary.   Preparation for and attendance at this

one hearing accounts for 27% of the fees for the entire contested

matter ($2,812.50 of $10,477.00).

     In addition, fees expended working on Chapter 13 plans were

excessive.   The fees for this work were $2,771.00.   Debtors' original

plan provided for 60 payments of $4,235.00.   It treated two secured

claims, one inside and the other outside the plan.   It provided a 100%

dividend to unsecured creditors.   The Greens filed a modified plan

prior to confirmation that was identical to the original plan, except

that it added a lease to the plan.   The modified plan was confirmed

without objection.

     Third, secretarial work has been billed at paralegal rates.   *See*

*Missouri*, 491 U.S. at 288 n.10.   By way of illustration, on October 3,

2012, Anna B. Dusi, the paralegal, billed time for lodging an order

granting the motion to extend the stay.   She also entered time on May

10, 2013 for preparing a proof of service for "amended Schedules I and J for filing with the Court and serve [sic] on parties." The court notes the existence of at least 24 such entries, totaling approximately $414.

Because of these problems, Shein has not sustained its burden that the lodestar provides a reliable method for computing a reasonable fee for debtor's counsel.

### III. An Alternative Approach to Establishing a Reasonable Fee for Services Rendered

Unable to apply the lodestar method, the court adopts an approach that uses an across-the-board reduction as described in *In re Strand*, 375 F.3d at 857. The court considers several factors in making this determination. The first factor is the size and complexity of the case. *In re Wheeler*, 439 B.R. 107, 111 (Bankr. E.D. Mich. 2010) (noting the complexity of the case as a proper factor for consideration in Chapter 13 compensation motions). The Greens' case presents a garden-variety Chapter 13 case. The stay violation was the only non-routine matter in the case.

Second, the court considers the stage of the case in which the application is filed. This application represents fees from the commencement of the case through plan confirmation and the claims review period.

Third, the court considers the level of acrimony between the parties in the case. With the exception of the skirmish with Guarantee Real Estate over the stay violation, the case was not acrimonious. The stay violation was resolved within two months.

Fourth, the court considers the prevailing fees for other Chapter 13 cases. The Bankruptcy Court for the Eastern District of California

8

has already determined that $4,000 for a nonbusiness Chapter 13 and $6,000 for a business Chapter 13 are amounts that are presumptively reasonable. *See* LBR 2016-1(c)(1). The court also considers the opt-out fees in other Chapter 13 cases of similar size, complexity, and acrimony. Based on the court's experience with Chapter 13 cases, the fees requested well exceed the usual opt-out fees of Chapter 13 practitioners in similar cases.

Fifth, to its credit, Shein has voluntarily reduced its fees 7.9 hours in connection with the contested matter involving Guarantee Real Estate Services and .2 hours in connection with plan confirmation.

For the reasons discussed, the court will award Shein interim compensation of two-thirds of the compensation requested, which amounts to $14,329.33, and all of the applicant's costs, which total $1,099.76. These amounts cover services rendered and expenses incurred in the period from September 11, 2012, to May 13, 2013. To the extent that the application seeks fees exceeding such amount, the court finds that Shein has not carried its burden of proof that the fees are reasonable. Future fee applications in this case should not request compensation for preparing or confirming the Second Modified Chapter 13 Plan, July 3, 2013, ECF No. 108, or the Second Interim Application for Compensation, improperly designated First Interim Application for Compensation, July 3, 2013, ECF No. 97, which the court views as primarily benefitting Shein.

### CONCLUSION

The application will be approved in part and disapproved in part without prejudice. Fees of $14,329.33 and costs of $1,099.76 are awarded on an interim basis. The remaining fees requested are disallowed without prejudice. Prior to the close of the case, Shein

1 | will make a final application for compensation, at which time the
2 | court may adjust the award.  The court will issue an order consistent
3 | with the findings herein.
4 | Dated: August 28, 2013

_____
Fredrick E. Clement
United States Bankruptcy Judge

10

# Instructions to Clerk of Court
### Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and _____X_____ Other Persons Specified Below:

Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721